UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD HARRIS,

    Plaintiff,

    v.                                            Case No. 22-cv-1377-bhl

CO BRIDGES, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Reginald Harris, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Harris' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Harris requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Harris has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.91. The Court will therefore grant the motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Harris is an inmate at the Green Bay Correctional Institution. Dkt. No. 1. Defendants are CO Bridges, Arney, M. Neveu, Schierland, Capt. Elsinger, CPS Perttu, Security Director John Kind, Deputy Warden Haese, Warden Dylan Radtke, and Sgt. Wytker. *Id.* at 1-2. Sometime between January 20 and February 11, Arney and Neveu "played with, danced around with, and spit in [Plaintiff's] food tray." *Id.* at 2. Schierland and Bridges failed to report the incident. *Id.* Wytker, Perttu, Elsinger, Kind, and Haese failed to investigate the incident. *Id.* Harris states, "I do not know why they did it." *Id.* For relief, Harris seeks monetary damages. *Id.*

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Eighth Amendment, Harris must allege: (1) conditions so adverse that it deprived him of "the minimal civilized measure of life's necessities;" and (2) that the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). Denial of food is not a *per se* violation of the Eighth Amendment. *Reed v. McBride,* 178 F.3d 849, 853 (7th Cir. 1999). However, inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). To determine whether a denial of food rises

3

to the level of a constitutional violation, a district court "must assess the amount and duration of the deprivation." *Reed,* 178 F.3d at 853.

Denial of one meal (even if caused by someone spitting in a food tray) does not rise to the level of an Eighth Amendment violation. *See e.g. Lampe v. Ingrim*, No. 3.22-CV-626-DRL-MGG, 2023 WL 34639, at *1 (N.D. Ind. Jan. 3, 2023) (dismissing a complaint at screening because "missing the equivalent of breakfast and lunch on one day does not rise to the level of an Eighth Amendment violation."); *see e.g. Scales v. Walker*, No. 18-CV-866-BBC, 2019 WL 266291, at *2 (W.D. Wis. Jan. 18, 2019) (dismissing a complaint at screening because "Plaintiff's allegations that [Defendant] served him a waffle that had fallen on the floor on one occasion and refused to replace it do not suggest that plaintiff's nutrition was threatened"); *see e.g. Harris v. Allen,* 2013 WL 1689280, *4 (S.D. Ill. Apr.18, 2013) ("Without question, not all conditions are sufficiently serious to implicate the Eighth Amendment, and just a few withheld meals would not contravene the constitution."). Further, Harris does not identify any other circumstances from which the Court can reasonably infer that he was denied "the minimal civilized measure of life's necessities." The failure to report and/or investigate an incident may violate prison policy, but it does not violate the constitution. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012) (noting that the Constitution does not require officials to investigate or otherwise correct wrongdoing *after* it has happened). Thus, Harris fails to state a claim upon which relief can be granted and the Court will dismiss the original complaint.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Harris an opportunity to file an amended complaint to cure the deficiency described above. Specifically, the amended complaint should

4

explain (1) what circumstances he endured that amounted to a deprivation of the minimal civilized measure of life's necessities; (2) who was involved in the deprivation; and (3) what that individual(s) said or did to show deliberate indifferent towards the deprivation.

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Harris to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Harris believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Harris is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Harris files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Harris does not file an amended complaint, the Court will dismiss this case. Harris can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Harris' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim. Harris may file an amended complaint that complies with the instructions in this order by

**March 2, 2023**. If Harris files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Harris does not file an amended complaint by the deadline, the Court will dismiss this case. Harris can also voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Harris a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the **$330.09** balance of the filing fee by collecting monthly payments from Harris' prison trust account in an amount equal to 20% of the preceding month's income credited to Harris' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harris is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harris' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 31, 2023.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge